## MATTER OF MUNGUIA

### In Deportation Proceedings

#### A-13715070
#### A-20018896

*Decided by Board May 5, 1975*

Where the Service charged deportability under the provisions of section 241(a)(1) of the Immigration and Nationality Act, predicated on excludability under section 212(a)(20) of the Act, in that respondents did not possess valid immigrant visas at the time of application for admission into the United States, they are not entitled to the benefits of section 241(f) of the Act. The Service is not required to charge deportability under 212(a)(19) of the Act, based on fraud.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—immigrant not in possession of valid unexpired immigrant visa under section 212(a)(20) (8 U.S.C. 1182 (a)(20)) (both respondents).

ON BEHALF OF RESPONDENTS:
James Michael Hoffman, Rep.
582 Market Street, Room 519
San Francisco, California 94104

ON BEHALF OF SERVICE:
Bernard J. Hornbach
Trial Attorney

The respondents have appealed from the August 1, 1974 decisions of an immigration judge ordering their deportation to Mexico. The appeal will be dismissed.

The respondents, husband and wife, are natives and citizens of Mexico. The Service alleges that they are deportable under section 241(a)(1) of the Immigration and Nationality Act as aliens who were excludable at entry under section 212(a)(20), because they lacked the proper documents for admission as immigrants. The respondents have conceded the truth of the factual allegations set forth in the orders to show cause. On appeal they challenge the immigration judge's decisions only on the ground that section 241(f) saves them from deportation on the charge alleged by the Service.

The record indicates that the male respondent entered the United States under a false claim to United States citizenship. The female respondent appears to have gained admission either under a similar false claim to citizenship or upon presentation of a border crossing card

belonging to someone else. Neither respondent has ever been lawfully admitted for permanent residence.

We have concluded, on the basis of the Supreme Court's decision in *Reid* v. *INS*, 420 U.S. 619, 43 U.S.L.W. 4387 (March 18, 1975), that the respondents are not entitled to the benefits of section 241(f) of the Act. In *Reid* the Supreme Court held that section 241(f) does not benefit an alien who has entered the United States under a false claim to United States citizenship and who is charged with deportability under section 241(a)(2). In reaching this decision, the Court indicated that except for the circumstances involved in *INS* v. *Errico*, 385 U.S. 214 (1966), section 241(f) does not apply to a section 241(a)(1) ground of deportability predicated on any provision of section 212(a) other than subsection (19).

The respondents are not charged with deportability via section 212-(a)(19); their charge of deportability is predicated on section 212(a)(20). They are not entitled to the benefit of section 241(f).

The result reached by the immigration judge was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

Irving A. Appleman, Board Member, concurring opinion.

In *Reid* v. *INS*, 420 U.S. 619, 43 U.S.L.W. 4387 (March 18, 1975), relied on in this case, the Court was concerned with a charge based on Section 241(a)(2), entry without inspection by false claim of United States citizenship. Here the alien entered by false claim of United States citizenship but the charge is under section 241(a)(1) excludable at time of entry as an immigrant not in possession of an immigrant visa, as required by section 212(a)(20).

*Reid* v. *INS*, supra, does not purport to overrule *INS* v. *Errico*, 385 U.S. 214. Rather, it distinguishes, in that in *Errico* the charge was based on excludability at the time of entry. Thus the Court in *Reid* speaks of *Errico* as ". . . extending the waiver provision of section 241(f) not only to deportation based on excludability under section 212(a)(19), but to a claim of deportability based on fraudulent misrepresentation in order to satisfy the requirements of section 211(a). . . . the provisions of section 241(f) were intended to apply to some misrepresentations that were material to the admission procedure."

*Reid* is not without its ambiguities, and there is a question, which need not be here resolved, whether section 241(f) must be granted in a case which is comparable to *Errico* under the present law. However, I agree with my fellow members that in the light of *Reid*, section 241(f) is not available to an alien who has completely frustrated the admission procedure by a false claim of United States citizenship, regardless of the charge used in the case.